IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAN GOLUBIEWSKI and STEVEN CHECCHIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVE INC.,<br><br>Defendant. | No.: 3:22-CV-02077-MEM<br><br>Hon. Malachy E. Mannion |

## REQUEST FOR JUDICIAL NOTICE

Defendant Dave Inc. ("Dave") respectfully requests that, pursuant to Rule 201 of the Federal Rules of Evidence, the Court take judicial notice of the following documents in support of Dave's concurrently-filed Motion to Compel Arbitration:

Ex. 1: The Complaint commencing a putative class action by Steven Checchia against Solo Funds, Inc. ("Solo"), which Solo removed to the United States District Court for the Eastern District of Pennsylvania on February 3, 2023 and attached as an Exhibit to its Notice of Removal, in Case No. 2:23-cv-00444-KSM, ECF 1-2.

Ex. 2: The Motion to Compel Arbitration filed by Solo in Case No. 2:23-cv-00444-KSM in the United States District Court for the Eastern District of Pennsylvania on March 8, 2023, ECF 8.

Ex. 3: The Complaint commencing a putative class action by Dan

Golubiewski and Steven Checchia against ActiveHours, Inc. d/b/a Earnin, which allegedly "operates a lending app", in the United States District Court for the Middle District of Pennsylvania, Case No. Case 3:22-cv-02078-MEM, ECF 1.

Pursuant to Rule 201(b) of the Federal Rules of Evidence, this Court may judicially notice any matter that "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts may take judicial notice of matters of public record, including prior judicial opinions and other court dockets, not to demonstrate the truth of the facts asserted in the opinions or filings, but to establish that the opinions and filings exist. *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004), *abrogated in part on other grounds by Twombly v. Bell Atl. Corp.*, 550 U.S. 544 (2007). Each of the above-referenced documents is a publicly-filed document in courts in separate actions involving one or both of the Plaintiffs. Further, Exhibit 3 is a complaint in an action pending before this same Court. Accordingly, "the fact of their filing" is properly subject to judicial notice. *See Hynoski v. Columbia Redevelopment Auth.*, 941 F. Supp. 2d 547, 555–56 (M.D. Pa. 2013) (taking judicial notice of objections to takings and four Pennsylvania state court opinions related to the objections because "all of these documents are matters of public record and their accuracy is not reasonably questioned as they were all filed in formal state court proceedings").

Dated: March 20, 2023                    Respectfully submitted,

/s/ Daniel T. Brier
Daniel T. Brier
dbrier@mbklaw.com
Richard L. Armezzani
rarmezzani@mbklaw.com
**MYERS BRIER KELLY, LLP**
425 Biden Street, Suite 200
Scranton, PA  18503
(570) 324-6100

Edward D. Totino (Pro Hac Vice)
Edward.totino@bakermckenzie.com
Benjamin W. Turner (SBN 256092)
Ben.turner@bakermckenzie.com
**BAKER & McKENZIE LLP**
10250 Constellation Blvd., Suite 1850
Los Angeles, CA 90067
(310) 201 4728

*Attorneys for Defendant, DAVE INC.*

## **CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that a true and correct copy of the Request for Judicial Notice was served upon counsel of record via the Court's ECF system on this 20th day of March 2023.

/s/ Daniel T. Brier
Daniel T. Brier
