UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAN GOLUBIEWSKI, et al. | |
| Plaintiffs | CIVIL ACTION NO. 3:22-CV-2077 |
| v. | (MEHALCHICK, J.) |
| DAVE INC., | |
| Defendant | |

## ORDER

For the following reasons, the above captioned matter shall be **STAYED** pending a decision from the Pennsylvania Supreme Court on *Chilutti v. Uber Technologies Inc.*, 300 A.3d 430 (2023). Specifically, the Court awaits a ruling on the applicable burden of proof for manifest assent in cases where an arbitration agreement is contained in a browsewrap or clickwrap agreement. Given the tension between the Pennsylvania Superior Court's recent holding in *Chilutti v. Uber Technologies Inc.*, and the burden of proof historically used for motions to compel arbitration by this court and others, the Court has determined a stay is necessary to efficiently and sufficiently address the motion to compel arbitration in this case.

On July 19, 2023, the Superior Court of Pennsylvania decided *Chilutti v. Uber Technologies Inc.*, 300 A.3d 430 (2023). Sitting *en banc*, the Superior Court found Defendant Uber Technologies, Inc.'s digital platforms failed to provide Plaintiffs with reasonably conspicuous notice of the company's terms and conditions, including Plaintiffs' waiver of their right to a jury trial. *Chiluttti*, 300 A.3d at 449-50. Accordingly, the Superior Court found that Plaintiffs did not unambiguously manifest assent to arbitration. *Chiluttti*, 300 A.3d at 449-51. Appealing heavily to a litigant's right to a jury trial, the Superior Court declined to adopt

the commonly used standard established by the Ninth Circuit in *Berman v. Freedom Fin. Network, LLC* for assessing arbitration provisions contained in similar "browsewrap" agreements. 300 A.3d at 449-50; 30 F.4th 849 (9th Cir. 2022). The factors considered by the *Berman* court have been used by courts within this Circuit and throughout the country.[1] Rejecting the application of *Berman* to arbitration provisions in Pennsylvania, the *Chilutti* court stated:

> [B]ecause the constitutional right to a jury trial should be afforded the greatest protection under the courts of this Commonwealth, we conclude that the *Berman* standard is insufficient under Pennsylvania law, and a stricter burden of proof is necessary to demonstrate a party's unambiguous manifestation of assent to arbitration. This is accomplished by the following: (1) explicitly stating on the registration websites and application screens that a consumer is waiving a right to a jury trial when they agree to the company's "terms and conditions," and the registration process cannot be completed until the consumer is fully informed of that waiver; and (2) when the agreements are available for viewing after a user has clicked on the hyperlink, the waiver should

---

[1] *See Checchia v. SoLo Funds*, No. CV 23-444-KSM, 2023 WL 3868369 (E.D. Pa. June 7, 2023); *Hine v. LendingClub Corp.*, No. 2:22-CV-00362-CRE, 2023 WL 8113234, at *7 (W.D. Pa. Nov. 22, 2023); *Kirkham v. TaxAct, Inc.*, No. CV 23-3303, 2024 WL 1143481, at *8 (E.D. Pa. Mar. 15, 2024); *Ehrmantraut v. Safeway Inc.*, No. CV-23-01739-PHX-SMB, 2024 WL 1893999, at *3 (D. Ariz. Apr. 30, 2024); *Gaker v. Citizens Disability*, LLC, 654 F. Supp. 3d 66, 74 (D. Mass. 2023); *Daschbach v. Rocket Mortg., LLC*, No. 22-CV-346-JL, 2023 WL 2599955, at *6 (D.N.H. Mar. 22, 2023); *Hawkins v. CMG Media Corp.*, No. 1:22-CV-04462-JPB, 2024 WL 559591, at *2-3 (N.D. Ga. Feb. 12, 2024); *Eakins v. Whaleco Inc.*, No. CIV-23-560-J, 2024 WL 1190766, at *2, *4 (W.D. Okla. Mar. 5, 2024); *Tejon v. Zeus Networks, LLC*, No. 24-CV-20498-PCH, 2024 WL 1293757, at *3 (S.D. Fla. Mar. 26, 2024); *Lee v. Panera Bread Co.*, No. 1:22-CV-11958, 2023 WL 2606611 (E.D. Mich. Mar. 6, 2023), *report and recommendation adopted*, No. 1:22-CV-11958, 2023 WL 2603934, at *4 (E.D. Mich. Mar. 22, 2023); *Smith v. RPA Energy*, Inc., No. 24-CV-01254 (JSR), 2024 WL 1869325, at *4 (S.D.N.Y. Apr. 30, 2024).

not be hidden in the "terms and conditions" provision but should appear at the top of the first page in bold, capitalized text.

*Chilutti,* 300 A.3d at 449-50.

The Superior Court therefore established a stricter burden for parties seeking to enforce arbitration agreements contained in browsewrap agreements in this state. This issue is now before the Pennsylvania Supreme Court.[2]

Currently on appeal to the Third Circuit Court of Appeals is a decision out of the Eastern District of Pennsylvania addressing a motion to compel arbitration. *Checchia v. SoLo Funds*, No. CV 23-444-KSM, 2023 WL 3868369 (E.D. Pa. June 7, 2023). On May 1, 2024, the Third Circuit issued an Order in *Checcia* which states:

> [T]he above captioned appeal shall be held C.A.V. pending the Pennsylvania Supreme Court's disposition of *Chilutti v. Uber Technologies, Inc.*, 300 A. 3d 430 (Pa. Super. 2023). Counsel is requested to promptly inform the Clerk in writing as to any further developments with respect to the progress and disposition of Chilutti before the Pennsylvania Supreme Court.

---

[2] The Court notes that in *Kindred Nursing Centers Ltd. P'ship v. Clark*, 581 U.S. 246 (2017), the United States Supreme Court held that states cannot impose rules that single out arbitration agreements and impose higher burdens or additional requirements. 581 U.S. at 248. "The Federal Arbitration Act (FAA or Act) requires courts to place arbitration agreements 'on equal footing with all other contracts.'" *Kindred Nursing Centers*, 581 U.S. at 248 (citing *DIRECTV, Inc. v. Imburgia*, 577 U.S. 47, 54 (2015)). To do otherwise violates the FAA, which was "enacted in response to judicial hostility to arbitration" and establishes an "equal treatment rule for arbitration contracts." *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 649 (2002); *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 507 (2018) (internal quotations omitted); *Kindred Nursing Centers*, 581 U.S. at 248.

3

The Third Circuit's reluctance to now address matters akin to those also before this Court compels a similar response here. The uncertainty of *Chilutti's* future poses an issue for courts in this Circuit left wondering how to apply Pennsylvania law to decide motions to compel arbitration that do not meet the much higher standard set out in *Chilutti*. This issue is particularly burdensome in cases with a choice of law issue, as there now appears to be a conflict in the law between Pennsylvania law and that of every other state. Accordingly, these issues are better resolved once the Pennsylvania Supreme Court provides a definitive ruling on the applicable relevant standard. As the Third Circuit is awaiting a decision in *Chilutti* to provide guidance on the motion to compel arbitration before it, this Court, too, shall await the Pennsylvania Supreme Court's resolution of *Chilutti*. Thus, a stay is in order.

**AND NOW**, this 20th day of May, 2024, **IT IS HEREBY ORDERED** that this case is **STAYED** pending the resolution of *Chilutti v. Uber Technologies Inc.,* by the Pennsylvania Supreme Court. Counsel are directed to file a status report with the Court upon the resolution of *Chilutti* by the Pennsylvania Supreme Court, or upon action by the Third Circuit in *Checcia* lifting the stay in that matter.

**BY THE COURT:**

*/s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**